UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

GERDA PAUL,

      Plaintiff(s),

v.

CATALINA HOTEL, LLC,
a/k/a MAXINE'S BISTRO & BAR

      Defendants,
_____/

## VERIFIED COMPLAINT

The Plaintiff GERDA PAUL, by and through undersigned counsel, hereby sues Defendant CATALINA HOTEL, LLC, a/k/a MAXINE'S BISTRO & BAR, on the grounds set forth herein.

### INTRODUCTION

1. This is an action by Plaintiff GERDA PAUL, under 42 U.S.C. §1981 (Civil Rights Act of 1866); the Civil Rights Act of 1964, to redress injury done to her by the Defendant's discriminatory treatment based on her Race, Color, and Ethnicity (Black Haitian).

### JURISDICTION AND VENUE

2. This is an action for damages brought in excess of $15,000.00, exclusive of interest, attorney's fees and costs.

3. This action is authorized and instituted pursuant to 42 U.S.C. §1981 (Civil Rights Act of 1866).

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and §1343.

5. The venue of this action is properly placed in the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. §1391(b), since the employment practices hereafter alleged to be unlawful were committed in Miami-Dade County, within the jurisdiction of this Honorable Court.

## PARTIES

6. Plaintiff GERDA PAUL is a resident of Miami, Florida who was employed by Defendant CATALINA HOTEL, LLC, a/k/a MAXINE'S BISTRO & BAR and is a member of certain protected classes of persons because of her Race and Color (Black). Plaintiff GERDA PAUL consents to be a party in this action by signing this verified complaint.

7. Corporate Defendant CATALINA HOTEL, LLC, a/k/a MAXINE'S BISTRO & BAR (hereinafter, "CATALINA HOTEL", or Defendant), is a profit corporation authorized to conduct business in the State of Florida, and within the jurisdiction of this Court. Defendant CATALINA HOTEL was an "employer" within the meaning of Section 42 U.S.C. §1981.

8. At all times relevant to this complaint, Plaintiff GERDA PAUL was employed by CATALINA HOTEL, and the parties had a contractual relationship with each other.

## STATEMENT OF FACTS

9. Plaintiff GERDA PAUL is a Black female, of Haitian national origin, member of certain protected classes of persons because of her Race and Color.

Doc ID: d4ea7d4070b3704f04b655e72fb924a97d804bd2

10. CATALINA HOTEL is a hotel located at 1756 Collins Avenue, Miami Beach 33139. Defendant operates the "Maxine's Bistro & Bar" at the same location, where Plaintiff worked.

11. Defendant CATALINA HOTEL employed Plaintiff GERDA PAUL from February 09, 2016, to August 22, 2017, or 80 weeks.

12. Plaintiff was a full-time, non-exempted, hourly line cook, earning approximately $13.00 an hour, or $494.00 weekly.

13. Throughout her employment with Defendant, Plaintiff always performed and excelled at the essential functions of her position, Plaintiff was a dedicated, hard-working employed. Plaintiff took pride of her job and she always was willing to go the extra mile to provide customers the most pleasant experience at Maxine's Bistro & Bar, which was the bistro/bar operated by Defendant.

14. However, during the time Plaintiff was employed by the Defendant, Plaintiff was subjected to unlawful acts of discrimination, such as harassment, hostile work environment, disparate treatment, and was further subjected to different terms and conditions of employment, and finally terminated from her position because of her Race, Color and Ethnicity.

15. Since the beginning of her employment with Defendant Plaintiff realized that manager Victor LNU (Hispanic), was racist towards black people and displayed a discriminatory animus towards black people, and even worse against Black Haitians.

16. Manager Victor LNU gave Plaintiff a disdainful treatment, and he talked to her disrespectfully. Plaintiff always felt that the manager was watching her, waiting for

her to make any mistake, to criticize and humiliate her in front of other employees. Manager Victor LNU did not called Plaintiff directly racial slurs, but he referred to other Haitian employees with all kind of racially motivated and highly offensive remarks, in complete disregard of Plaintiff's Race and Color.

17. Manager Victor LNU used to treat black Haitian employees like slaves, and he continually was looking for reasons to reprimand them with or without reason. Manager Victor LNU scolded black Haitian employees for speaking Creole, even amongst themselves and out of the customer's areas, while Hispanics employees could speak Spanish.

18. Plaintiff felt extremely uncomfortable with manager Victor LNU's conduct and requested him several times to stop his racial and ethnic discriminatory remarks, because they were offensive to her. The manager ignored Plaintiff's petition, or just would say "It is just a joke", but he continued his wrongful conduct.

19. Plaintiff felt harassed because of her Race, Color, and Ethnicity. Other aggrieved Black Haitians workers did not complain about the racial discrimination, in fear of losing their jobs.

20. On daily basis, Manager Victor LNU mistreated black employees and freely made discriminatory comments directed to Plaintiff and other Black Haitian employees. The manager would make comments such as "Black Haitians are stupid", "These stupid n……s, they are always doing things wrong", "Lazy n…..s", "Black garbage", and other derogatory remarks.

21. In addition, manager Victor LNU was completely bias regarding Hispanic employees and apply a different and unfavorable treatment to black employees.

Doc ID: d4ea7d4070b3704f04b655e72fb924a97d804bd2

Every time, there was a problem between Blacks and Hispanics employees, the manager would blame the Black employee, even it was the Hispanic employee's fault.

22. Plaintiff experienced anxiety and frustration. The frequency of the racially motivated harassment directed towards Plaintiff and other Black employees created a hostile work environment for her. Plaintiff was harassed by the manager of the business, and she could not confront him, since she needed her job and was afraid of being fired. Enduring discriminatory treatment became a condition for continued employment with Defendant.

23. On or about June 13, 2017 Plaintiff requested 2 weeks of vacations beginning 08/04/2017 to 08/19/17, which means that Plaintiff would re-start her work on 08/20/2017 (Sunday). Plaintiff's request was approved by Manager Victor LNU.

24. On or about 07/14/2017, manager Victor LNU began to insult Plaintiff and all other Black Haitians workers. Plaintiff confronted the manager and demanded from him to stop the racial discrimination, to treat her and all other Black Haitian employees with respect, and to act as a real manager. The manager just said "Whatever" and walked away.

25. Plaintiff continued suffering a hostile work environment. Plaintiff felt harassed, unwelcomed, uncomfortable, humiliated and intimidated in her place of work. Plaintiff knew that her boss subjected her to different terms and conditions of employment because she was Black and Haitian.

26. On or about 08/04/2017 Plaintiff went on vacation as scheduled.

Doc ID: d4ea7d4070b3704f04b655e72fb924a97d804bd2

27. On or about 08/20/2017(Sunday), Plaintiff called the manager to request her schedule for that day, but the manager did not answer.  Plaintiff continued calling 08/21/2017 (Monday), without any result.

28. On or about 08/22/2017 (Tuesday) Plaintiff called the manager Victor LNU again. This time he answered the telephone, and informed Plaintiff that she had lost her job because she failed to show up to work on Saturday 08/19/2017.

29. Plaintiff explained to the manager that Saturday 08/19/2017 was within the vacation period that he approved himself.  Besides, manager Victor LNU knew perfectly, that she was returning from her vacations Saturday late in the evening.  Despite her reasons and tearful pleadings, Defendant did not reconsider its decision and terminated Plaintiff.

30. At all times, Plaintiff performed and excelled at the essential functions of her position. There was no reason to terminate Plaintiff other than a retaliatory action, due to Plaintiff's continuous complains about discrimination.

31. On or about August 22, 2017, Plaintiff was terminated by the Defendants, and Plaintiff's discharge was directly and proximately caused by Defendant's unjustified discrimination and harassment because of Plaintiff's Race and Color, in violation of both Federal and State Laws.

32. Defendant CATALINA HOTEL is subjected to vicarious liability for the actions of its management and agents, because it failed to take adequate remedial measures to halt the discrimination and harassment to which Plaintiff was subjected to, despite Defendant's knowledge that such discrimination and harassment was occurring.

Doc ID: d4ea7d4070b3704f04b655e72fb924a97d804bd2

**COUNT I:**
**VIOLATION OF THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. SECTION 1981, DISCRIMINATION BASED ON RACE, COLOR, AND ETHNICITY**

33. Plaintiff GERDA PAUL re-adopts every factual allegation as stated in paragraphs 1-32 above as if set out in full herein.

34. This is an action against CATALINA HOTEL for unlawful discrimination pursuant to 42 U.S.C., Section 1981.

35. At all times material, Defendant CATALINA HOTEL was an "employer" within the meaning of Section 42 U.S.C. §1981.

36. At all times material hereto, Plaintiff GERDA PAUL was an "employee" and had a contractual relationship with Defendant within the meaning of 42 U.S.C. §1981.

37. Plaintiff GERDA PAUL, had at all times material, and continue to have, a federally protected constitutional right to make and enforce contracts, to sue, to be parties, to give evidence, and to be free from racially based discrimination while bargaining, negotiating, or entering into a contract, including the enjoyment of all benefits, privileges terms and conditions of the contractual relationship of her employment at CATALINA HOTEL.

38. The Defendants have intentionally engaged in unlawful employment practices and discrimination, in violation of 42 U.S.C. § 1981, by treating the Plaintiff differently from similarly situated employees because of her Race, Color, and Ethnicity.

39. Defendants subjected Plaintiff GERDA PAUL to different adverse employment actions including but not limited to the following acts and omissions: harassment, disparate treatment, hostile work environment, and wrongful discharge.

40. Defendants subjected Plaintiff to a racially hostile work environment that seriously

Doc ID: d4ea7d4070b3704f04b655e72fb924a97d804bd2

affected her psychological and physical well-being.

41. The hostile atmosphere that Defendants created for Plaintiff at CATALINA HOTEL was so severe that culminated in her discharge.

42. The effects of the practices referenced above have been to deprive the Plaintiff of equal employment opportunities, and otherwise adversely affected her status as employee, because of her Race, Color and Ethnicity.

43. As a direct and proximate result of Defendant's intentional violations of Plaintiff's rights under 42 U.S.C. § 1981, treating her differently from similarly situated employees, subjecting her to racial harassment because of her Race, Color, and Ethnicity, Plaintiff has suffered damages. Her damages include back pay, front pay, loss of benefits, future pecuniary loss, inconvenience, emotional pain, suffering, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

44. The Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of the Defendant's discriminatory practices, unless and until this Court grants relief.

45. The actions of the Defendant CATALINA HOTEL, and/or its agents were willful, wanton, intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights thus, entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendants CATALINA HOTEL for its actions and to deter it, and others, from such actions in the future.

46. Plaintiff GERDA PAUL has retained the undersigned counsel to prosecute her claims and she is entitled to attorney's fees pursuant to 42 U.S.C. §1988, the Civil

Doc ID: d4ea7d4070b3704f04b655e72fb924a97d804bd2

Rights Attorneys Fee Award Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff GERDA PAUL respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff GERDA PAUL and against the Defendant CATALINA HOTEL based on Defendant's willful violations of 42 U.S.C. §1981; and

B. Award Plaintiff compensatory damages including front pay, back pay, and lost benefits; and

C. Award Plaintiff as to this count, prejudgment interest; and

D. Award Plaintiff damages for the costs of litigation and filing including attorney's fees; and

E. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages.

## JURY TRIAL DEMAND

Plaintiff GERDA PAUL demand trial by jury of all issues triable as of right by jury.

## COUNT II:
## RETALIATORY DISCHARGE; IN VIOLATION OF THE CIVIL RIGHTS OF 1866, 42 U.S.C., SECTION 1981

47. Plaintiff GERDA PAUL re-adopts every factual allegation as stated in paragraphs 1-32 of this complaint as if set out in full herein.

48. Plaintiff and Defendant CATALINA HOTEL had a contractual relationship.

49. Defendant CATALINA HOTEL precluded Plaintiff from performing the stated contractual relationship when Defendant terminated Plaintiff.

50. Defendant terminated Plaintiff's contractual relationship in retaliation for

Doc ID: d4ea7d4070b3704f04b655e72fb924a97d804bd2

Plaintiff's opposition to unlawful employment practices based on Race, Color, and Ethnicity as more particularly described above.

51. Plaintiff was unable to enjoy all the benefits, privileges, terms and conditions of their contractual relationship.

52. Defendant acted with malice and/or reckless disregard for Plaintiff's protected rights.

53. Plaintiff has retained the undersigned counsel to prosecute her claims and is entitled to attorney's fees pursuant to 42 U.S.C. §1988, the Civil Rights Attorneys Fee Award Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff GERDA PAUL respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and against Defendant CATALINA HOTEL based on Defendant's willful violations of 42 U.S.C. §1981; and

B. Award Plaintiff compensatory damages including front pay, back pay, and lost benefits; and

C. Award Plaintiff as to this count prejudgment interest; and

D. Award Plaintiff damages for the costs of litigation and filing including attorney's fees; and

E. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages.

## JURY TRIAL DEMAND

Plaintiff GERDA PAUL demands trial by jury of all issues triable as of right by jury.

Doc ID: d4ea7d4070b3704f04b655e72fb924a97d804bd2

Dated: August 22, 2019

                                                 Respectfully submitted,

                                                 By:  **/s/ Zandro E. Palma**
                                               ZANDRO E. PALMA, P.A.
                                               Florida Bar No.: 0024031
                                               9100 S. Dadeland Blvd.
                                               Suite 1500, Miami, FL 33156
                                               Telephone: (305) 446-1500
                                               Facsimile:  (305) 446-1502
                                               E-mail: zep@thepalmalawgroup.com
                                               *Attorney for Plaintiff*

Doc ID: d4ea7d4070b3704f04b655e72fb924a97d804bd2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

GERDA PAUL,

      Plaintiff(s),
v.

CATALINA HOTEL, LLC,
a/k/a MAXINE'S BISTRO & BAR

      Defendants,
_____/

## VERIFICATION OF COMPLAINT

The undersigned, for herself declares:

I am the Plaintiff in the above-styled action. I have read the forgoing complaint consisting of 11 pages and I know the contents thereof. With respect to the causes of action alleged by me, the same is true by my own knowledge, except as to those matters which are therein stated on information and belief, and, as to those matters, I believe them to be true.

Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury that the forgoing is true and correct.

Date: _____08/23/2019_____

Signature_____[signature]_____
       GERDA PAUL


Audit Trail

| | |
|---|---|
| TITLE | Verified Complaint |
| FILE NAME | PAUL GERDA - Verified complaint.pdf |
| DOCUMENT ID | d4ea7d4070b3704f04b655e72fb924a97d804bd2 |
| STATUS | ● Completed |

Document History

**SENT**   **08/22/2019**   Sent for signature to Gerda Paul (herlinecake55@yahoo.com)
22:48:36 UTC-5   from svelez@thepalmalawgroup.com
IP: 73.0.216.26

**VIEWED**   **08/23/2019**   Viewed by Gerda Paul (herlinecake55@yahoo.com)
16:52:12 UTC-5   IP: 107.77.253.7

**SIGNED**   **08/23/2019**   Signed by Gerda Paul (herlinecake55@yahoo.com)
16:53:39 UTC-5   IP: 107.77.253.7

**COMPLETED**   **08/23/2019**   The document has been completed.
16:53:39 UTC-5